UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJAN CHAHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, DAVID R. MATHERS and TIDJANE THIAM,<br><br>Defendants. | 1:18-cv-2268-AT-SN |
| GLENN EISENBERG, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT SUISSE AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>Defendants. | 1:18-cv-2319-AT-SN |
| SHAOLEI QIU, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>Defendants. | 1:18-cv-4045-AT-SN |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
KERSHNER TRADING GROUP, LLC
FOR CONSOLIDATION OF SECURITIES CLASS ACTIONS,
<u>APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL</u>**

# Table of Contents

INTRODUCTION .................................................................................................................... 1
SUMMARY OF FACTS AND PROCEDURAL BACKGROUND............................................ 2
A. Movant ....................................................................................................................... 2
B. Facts Underlying the Claims ..................................................................................... 2
C. The Pending Actions ................................................................................................. 3
ARGUMENT.............................................................................................................................. 5
I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED................................................ 5
II. MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF ........................................... 7
    A. The Procedure Required By The PSLRA ................................................................. 7
    B. Movant Satisfies The Lead Plaintiff Requirements Of The PSLRA ........................ 9
        1. Movant Has Complied With The PSLRA ......................................................... 9
        2. Movant Has The Largest Financial Interest In The Relief Sought ................. 10
        3. Movant Satisfies The Relevant Rule 23 Requirements ................................... 11
III. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ...................... 13
CONCLUSION........................................................................................................................... 14

# **Table of Authorities**

**Cases**

*In re Gen. Elec. Sec. Litig.*, No. 09-cv-1951-DC, 2009 WL 2259502
   (S.D.N.Y. July 29, 2009) ............................................................................................................ 6

*Freudenberg v. E*Trade Financial Corp.*, No. 07 Civ. 8538, 2008 WL
   2876373 (S.D.N.Y. July 16, 2008) ...................................................................................... 7, 10

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-cv-1260-KAM,
   2009 WL 3644159 (E.D.N.Y. Oct. 27, 2009) ............................................................................ 5

*Herrgott v. U.S. Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*,
   306 F.3d 726 (9th Cir. 2002) .................................................................................................. 10

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-cv-4846-WFK-PK,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ........................................................................ 10

*In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285 (2d Cir. 1992) ..................................... 12

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432 (S.D.N.Y. 2008) ...................................... 6, 10, 13

*In re Facebook, Inc.*, 288 F.R.D. 26 (S.D.N.Y. 2012) .................................................................. 9

*In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................. 10

*In re Winstar Communs. Secs. Litig.*, 290 F.R.D. 437 (S.D.N.Y. 2013) ....................................... 6

*Janbay v. Canadian Solar*, Inc., 272 F.R.D. 112 (S.D.N.Y. 2010) ............................................. 12

*Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523 (S.D.N.Y. 2015) ............................... 10

*Lax v. First Merch. Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036
   (N.D. Ill. Aug. 11, 1997) ......................................................................................................... 10

*Mezansky v. Flextronics Int'l, Ltd.*, No. 02-cv-4497, 2002 WL 31115193
   (S.D.N.Y. Sept. 24, 2002) ......................................................................................................... 5

*Pinkowitz v. Elan Corp., PLC*, No. 02-cv-4948 (WK), 2002 WL 1822118,
   at *2 (S.D.N.Y. July 29, 2002) .................................................................................................. 6

*Seidel v. Noah Educ. Holdings Ltd.*, No. 08 Civ. 9203, 2009
   WL 700782 (S.D.N.Y. Mar. 9, 2009) ............................................................................. 6, 7, 11

**Statutes**

15 U.S.C. § 77z-1 ............................................................................................................. passim

15 U.S.C. § 78u-4 ............................................................................................................ passim

**Rules**

Fed. R. Civ. P. 42 ............................................................................................................. 1, 6, 13

Kershner Trading Group, LLC ("Kershner" or "Movant") by its undersigned attorneys, respectfully submits this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), for entry of an order: (1) consolidating all related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Movant as Lead Plaintiff in the consolidated action and any subsequently filed cases; and (3) approving Movant's selection of Lowey Dannenberg, P.C. as Lead Counsel.

## INTRODUCTION

The above-captioned cases have been commenced against common defendants including Credit Suisse AG ("Credit Suisse"), Janus Index & Calculation Services LLC ("JICS"), and others (collectively, the "Defendants") for violations of the federal securities laws relating to VelocityShares Daily Inverse VIX Short Term Exchange-Traded Notes ("XIV ETN" or the "Notes").  Each of the cases arises from the same operative facts, namely, that during the period from January 29, 2018 through and including February 5, 2018 (the "Class Period"), Defendants issued materially false and misleading statements regarding the XIV ETNs and the calculation of certain metrics, as well as Credit Suisse's ability to control the XIV ETNs.  As such, the cases are suited for consolidation under Fed. R. Civ. P. 42(a).

During the Class Period alleged in the Complaints, Movant purchased $37,739,600 face amount of XIV ETNs, and as a result suffered approximately $4.257 million in FIFO losses and $4.149 million in LIFO losses.  Movant believes that it has sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the proposed class.  Movant is familiar with the applicable provisions governing the appointment of lead plaintiff in securities class actions, understands its responsibilities to the class, and is willing and able to oversee the

prosecution of this action. Further, Movant will ensure that the litigation is conducted in the best interests of all members of the class and Movant is not subject to any unique defenses that would render them incapable of adequately representing the class.

Therefore, Movant respectfully requests that the Court grant its motion for consolidation of the cases, appointment as Lead Plaintiff, and approval of their selection of Lowey Dannenberg, P.C. as Lead Counsel.

## SUMMARY OF FACTS AND PROCEDURAL BACKGROUND

**A.     Movant**

Movant Kershner purchased XIV ETNs having a face value of approximately $37.7 million during the Class Period. *See* Declaration of Barbara Hart in Support of the Motion for Consolidation of Securities Class Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel submitted herewith (the "Hart Decl."), Ex. A. Kershner is a proprietary trading firm. The firm invests in a variety of asset classes, including exchange-traded products such as XIV ETN at issue here.

**B.     Facts Underlying the Claims**

Defendant Credit Suisse was the issuer of XIV ETN in this litigation. Defendant JICS was the Calculation Agent for these securities.

Plaintiff and each member of the Class purchased the Notes pursuant to a registration statement including prospectuses and pricing supplements (collectively, the "Registration Statement") that was active during the Class Period. The Registration Statement was materially false and misleading about a metric crucially important to investors. Pricing supplements were issued on the following dates, among others: January 29, 2018, August 18, 2017, June 30, 2017,

and August 9, 2016. To the extent relevant here, each pricing supplement contained substantially similar representations.

On February 5, 2018, at 4:00 pm EST, the regular-hours market for the trading of the XIV ETNs closed. The XIV ETNs' last trading price was $99. Less than 30 minutes later, during the after-hours market, the price per XIV ETN had dropped to $70.01. By 4:45 pm, the price had dropped to $42.81 per XIV ETN and then by 6:28 pm the price per XIV ETN declined to a low of $10.16 per XIV ETN, a drop of approximately 89.74% from its closing value. On February 6, 2018, Credit Suisse issued a press release announcing that an Acceleration Event took place intraday on February 5, 2018. As a result of the Acceleration, on or about February 15, 2018 Credit Suisse repurchased the Notes at a price below $6.00 per Note.

**C.     The Pending Actions**

Presently pending in this Court are the following related lawsuits: (1) *Chahal v. Credit Suisse Group AG, et al.*, No. 18-cv-2268 (S.D.N.Y.) (hereinafter, "*Chahal*"), (2) *Eisenberg v. Credit Suisse AG, et al.*, 18-cv-2319 (S.D.N.Y.) (hereinafter "*Eisenberg*"), and (3) *Qiu v. Credit Suisse Group AG, et al.*, 18-cv-4045 (S.D.N.Y.) (hereinafter "*Qiu*").[1] The cases assert overlapping claims against common defendants as follows:

In *Chahal*, plaintiffs assert claims for violations of Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against defendants Credit Suisse Group AG, David R. Mathers, and Tidjane Thiam, and for violations of Section 20(a) of the Exchange Act against defendants Mathers and Thiam, the CFO and CEO of Credit Suisse, respectively.

In *Eisenberg*, plaintiffs assert claims for violations of Section 11 of the Securities Act against defendant Credit Suisse AG, and for violation of Section 10(b) of the Exchange Act, and

---

[1] Copies of the complaints filed in the *Chihal*, *Eisenberg*, and *Qiu* actions are attached as Hart Decl. Exs. B-D, respectively.

Rule 10b-5 promulgated thereunder, against defendants Credit Suisse AG and Janus Index & Calculation Services LLC.

In *Qiu*, plaintiffs assert claims for violation of Sections 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against defendants Credit Suisse Group AG and Janus Index & Calculation Services LLC.

Each of the cases arise from the same operative facts, namely that Defendants issued materially false and misleading statements regarding XIV ETN. The Notes are supposed to provide holders exposure linked to the S&P 500 VIX short-term futures; specifically the Notes are supposed to increase in value when the S&P VIX short-term futures decline in value, and vice-versa. In other words, the XIV ETN was generally supposed to return the inverse of the movement of short-term VIX futures. Of great importance to the XIV ETN's value was the calculation and publication of the Intraday Indicative Value, which is calculated based on a formula utilizing the values of the S&P 500 VIX Short-Term Futures Index, which, in turn, is calculated based on the value of 1- and 2- month VIX futures contracts.

The Registration Statement explained the importance of the Intraday Indicative Value, stating that it represented the true "economic value" of the Notes. Specifically, the Registration Statement stated that: "Investors can compare the trading price of the ETNs (if such concurrent price is available) against the Intraday Indicative Value to determine whether the ETNs are trading in the secondary market at a premium or a discount to the economic value of the ETNs at any given time."

On February 5, 2018, while the true Intraday Indicative Value was less than $5.00, the defendants incorrectly represented that the Intraday Indicative Value was more than $24.00. The complaints allege that Credit Suisse misrepresented that the Intraday Indicative Value of the XIV

ETNs would approximate the economic value of the notes, and would be updated every 15 seconds based on real time prices for VIX futures contracts. However, these representations were false. As a result of these misrepresentations, during the Class Period, XIV ETN investors lost a substantial amount of their investment.

Further, Credit Suisse accelerated the XIV ETNs following the extreme losses suffered by XIV ETN investors, obtaining a substantial financial benefit by paying a suppressed redemption payment as part of the acceleration. In fact, despite purporting to hold a significant portion of the XIV ETNs, Credit Suisse reported that it had not suffered any trading losses related to the XIV ETNs.

## ARGUMENT

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under § 21D(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

5

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue. First, the Court shall rule on the consolidation issue. Second, the Court rules on the lead plaintiff and lead counsel issues. Movant, therefore, requests that the Court consolidate any related actions and any subsequently filed related actions and then rule on the lead plaintiff and lead counsel issues in this matter.

Movant believes that consolidation of the related actions in this Court is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure because they arise from the same operative facts, allege the same or similar claims under the Federal securities laws and common law on behalf of the same or similar plaintiff class against common defendants. *See, e.g., Mezansky v. Flextronics Int'l, Ltd.*, No. 02-cv-4497, 2002 WL 31115193, at *2 (S.D.N.Y. Sept. 24, 2002) (Whitman, K.) (approving consolidation where "the putative class members moving for consolidation each assert that the actions sought to be consolidated share both factual as well as legal issues in common"); *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06CV1260(KAM), 2009 WL 3644159, at *3 (E.D.N.Y. Oct. 27, 2009) (Matsumoto, K.) ("a court can consolidate pending matters where such actions 'involve a common question of law or fact'").

To the extent there exist variations in the defendants sued, the causes of action asserted, or the class periods in the complaints filed, it is well-settled that these factors do not preclude consolidation. *See, e.g.*, *Seidel v. Noah Educ. Holdings Ltd.*, No. 08 Civ. 9203, 2009 WL 700782, at *1 (S.D.N.Y. Mar. 9, 2009) (Sullivan, J.) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (Sweet, J.) ("Cases may be consolidated even where certain defendants are named in only one of the complaints.")); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (Sullivan, J.)

("neither the existence of additional defendants nor minor differences in facts and legal issues preclude consolidation").  Any differences among the complaints can and will be resolved after the Court appoints the Lead Plaintiff and it files a consolidated complaint.  *See, e.g., In re Gen. Elec. Sec. Litig.*, No. 09-cv-1951-DC, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009) (Chin, J.) ("when [a] lead plaintiff files a consolidated complaint, all differences will be resolved while the tone and direction of the lawsuit will remain unchanged").

In addition, all actions involve similar issues regarding class certification, and will involve near identical discovery of the parties and of non-parties.  Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency.  *See*, *e.g.*, *Pinkowitz v. Elan Corp., PLC*, No. 02-cv-4948 (WK), 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002) (Whitman, K.) ("courts have taken the view that considerations of judicial economy favor consolidation" (quoting *Johnson v. Celotex Corp.* 899 F.2d 1281, 1285 (2d Cir. 1990)).

## II.  MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.  The Procedure Required By The PSLRA

The PSLRA establishes the procedure that governs the appointment of lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i); *see also* 15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i).

First, Section 21D(a)(3) of the Exchange Act provides that, within 20 days after the date on which an initial class action is filed, the plaintiff or plaintiffs who filed the initial class action must publish in a widely circulated national business-orientated publication or wire service, a notice advising members of the purported plaintiff class of the pendency of the action and their

right to file a motion for appointment as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i).

On March 14, 2018, a notice was published on BusinessWire concerning the filing of the first class action which is the subject of this motion (the "PSLRA Notice").[2]  The PSLRA Notice advised members of the purported class of the pendency of the actions, the claims asserted and the purported class period.  As a result, the notice satisfied all the requirements of the PSLRA.  *See generally*, *Seidel*, 2009 WL 700782, at *2.

Second, within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B); 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Lastly, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that - (aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[2] *See* Hart Decl., Ex E.

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interests of the class; and

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Movant Satisfies The Lead Plaintiff Requirements Of The PSLRA

#### 1. Movant Has Complied With The PSLRA

The first notice was published on March 14, 2018. *See* Hart Decl., Ex. E. The notice advised class members that motions to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A) and (B) are due no later than May 14, 2018. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moved this Court to be appointed lead plaintiff on behalf of all members of the proposed class.

Movant duly signed a certification stating that it had reviewed a copy of the complaint filed in the action, and is willing to serve as a representative party on behalf of the proposed class. The certification demonstrates that Movant purchased approximately $37.7 million face amount of XIV ETN during the Class Period, and sustained the largest amount of losses during the Class Period of the moving applicants. *See* Hart Decl., Ex. A. In addition, Movant has selected and retained experienced and competent counsel to represent them and the proposed class.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have their application for appointment as lead plaintiff approved by the Court.

### 2.     Movant Has The Largest Financial Interest In The Relief Sought

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Facebook, Inc.*, 288 F.R.D. 26, 35 (S.D.N.Y. 2012) (Sweet, R.) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Herrgott v. U.S. Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 730 (9th Cir. 2002).

While "[t]he PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,'" *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008), the Court typically applies a four-factor test derived from *Lax v. First Merch. Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Under the *Lax/Olsten* test, the Court considers: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (i.e. the number of shares retained during the period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Freudenberg v. E*Trade Fin. Corp.*, No. CIV A 07 CIV. 10400, 2008 WL 2876373, at *9 (S.D.N.Y. July 16, 2008) (quoting *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007)). The fourth factor, largest loss, is usually given the most weight. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015) (McMahon, J.) ("The fourth factor is the most important."); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-cv-4846-WFK-PK, 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017) ("The fourth factor is generally considered to be the most important.").

Here, during the Class Period, Kershner purchased $37,739,600 face value of Notes, expending $19,784,635, and sold $30,717,100 face value of notes, receiving $12,943,761. Movant also received $1,161,233 for the $7,022,500 face amount of Notes held as of the end of the Class Period. Kershner also had losses of $4,257,322 on a FIFO basis and losses of $4,148,883 on a LIFO basis. *See* Hart Decl., Ex. A. Movant believes it has the largest financial interest in the relief sought by the proposed class and, therefore, is presumptively the most adequate lead plaintiff pursuant to the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movant Satisfies The Relevant Rule 23 Requirements

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In deciding a motion for appointment of lead plaintiff, the Court's inquiry regarding Rule 23 is limited to the Rule's adequacy and typicality requirements, which may be satisfied with a preliminary showing. *See, e.g., Seidel*, 2009 WL 700782, at *2 ("Of the four criteria of Rule 23(a)—numerosity, commonality, typicality, and adequacy—only two—typicality and adequacy—directly address the personal characteristics of the class representative. Accordingly, at the lead plaintiff stage, a movant is required to make only a preliminary showing that the

adequacy and typicality requirements under Rule 23 have been met." (internal quotation marks and citations omitted)).

As detailed herein, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise, "from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *see also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010). The typicality requirement does not mean that there can be no factual differences between the class representatives and the class members, because it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) ("However, the claims of the class representative need not be identical those of all members of the class.").

Movant satisfies this requirement. With regard to both the Section 11 claim and the Section 10(b) claim, as with other class members, Movant purchased or otherwise acquired XIV ETN securities during the alleged Class Period pursuant to a materially false and misleading registration statement and prospectus, at prices that were artificially inflated as a result of the defendants' false and materially misleading statements. Thus, Movant's claims are typical of those of other class members because its claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of plaintiff to represent the class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the class. In this Circuit, a proposed lead plaintiff is adequate where: (1) there is no conflict between the proposed lead plaintiff and the class members; (2) the lead plaintiff's choice of counsel is qualified, experienced and generally able to conduct the proposed litigation; and (3) the lead plaintiff and its counsel will prosecute the action vigorously on behalf of the class. *See, e.g., In re Fuwei Films*, 247 F.R.D. at 436.

Here, Movant is an adequate representative of the proposed class. As evidenced by the injury it suffered, Movant's interests are aligned with those of class members, and there is no evidence of any antagonism between their interests. Further, Movant has taken significant steps that will promote the protection of the interests of the class; specifically, Movant evaluated the litigation and has selected proposed lead plaintiff's counsel who are qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff and should be appointed as Lead Plaintiff in this action.

### III. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Movant has selected and retained Lowey Dannenberg, P.C. as Lead Counsel for the proposed class. Lowey Dannenberg has extensive experience in successfully prosecuting complex securities litigation and has frequently appeared in major actions in this District and other courts. *See* Hart Decl., Ex. F.

## **CONCLUSION**

Therefore, the Movant respectfully requests that the Court: (1) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint Movant as Lead Plaintiff in the consolidated action; and (3) approve Movant's selection of Lowey Dannenberg, P.C. as Lead Counsel.

Dated: May 14, 2018
      White Plains, NY

*Respectfully submitted*,

LOWEY DANNENBERG, P.C.

By:    /s/ Barbara Hart
Barbara Hart, Esq.
David Harrison, Esq.
Peter Demato, Jr., Esq.
44 South Broadway, Suite 1100
White Plains, N.Y. 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
bhart@lowey.com
dharrison@lowey.com
pdemato@lowey.com

*Counsel for Movant Kershner Trading Group, LLC*